1

2

3

4

5

6

7

FILED

2012 AUG 20  AM 11: 45

CLERK US D[...]
SOUTHERN DISTR[...] OF CALIFORNIA

BY **N**_____DEPUTY

8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11   RUBEN CASTELLANOZ,

12                                  Petitioner,

13              v.

14   UNKNOWN, Warden,

15                                  Respondent.

Civil No.    12-1972 BEN (MDD)

**ORDER DENYING WITHOUT PREJUDICE REQUEST FOR TOLLING**

**[Docket No. 1]**

16   Petitioner, a state prisoner proceeding pro se, has filed a letter asking the Court to toll the

17   deadline for filing his habeas corpus petition pursuant to 28 U.S.C. § 2254. The Court is without

18   jurisdiction to extend the one-year statute of limitations of 28 U.S.C. § 2241(d)(1)(A)-(D), which

19   provides that the limitation period shall run from the latest of:

20          (A) the date on which the judgment became final by the conclusion of
     direct review or the expiration of the time for seeking such review;

21
            (B) the date on which the impediment to filing an application created by
22   State action in violation of the Constitution or laws of the United States is
     removed, if the applicant was prevented from filing by such State action;

23
            (C) the date on which the constitutional right asserted was initially
24   recognized by the Supreme Court, if the right has been newly recognized by the
     Supreme Court and made retroactively applicable to cases on collateral review;
25   or

26          (D) the date on which the factual predicate of the claim or claims presented
     could have been discovered through the exercise of due diligence.

27

28   28 U.S.C. § 2244(d)(1)(A)-(D).

1    The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition

2 is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999);

3 *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

4 when its delivery and acceptance [by the appropriate court officer for placement into the record]

5 are in compliance with the applicable laws and rules governing filings"). However, absent some

6 other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is

7 pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

8    Petitioner has not filed a petition for writ of habeas corpus in this action. Therefore,

9 unless Petitioner is a capital prisoner, he has not initiated habeas proceedings in this Court.

10 *McFarland v. Scott*, 512 U.S. 849 (1994); *Calderon (Nicolaus) v. U.S. Dist. Ct.*, 98 F.3d 1102,

11 1107 n.3 (9th Cir. 1996) (stating that "[u]nlike non-capital prisoners who initiate habeas

12 proceedings by filing a petition for a writ of habeas corpus, capital prisoners commence federal

13 habeas proceedings by filing a request for appointment of counsel"). Petitioner does not contend

14 that he is a capital prisoner (that is, a prisoner under sentence of death), and there is nothing in

15 the documents he has submitted which indicates that he is a capital prisoner.

16                                        **CONCLUSION**

17    For the foregoing reasons, Petitioner's request to toll the statute of limitations is **DENIED**

18 without prejudice.

19    **IT IS SO ORDERED.**

20 DATED: _____        _____

21                                    Roger T. Benitez
                                    United States District Judge

22

23

24

25

26

27

28